[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN JUDGMENT
The plaintiff has filed a motion to reopen judgment based upon the alleged fraud of the defendant.
The following facts, which are based upon evidence presented at hearing and a review of the court's file, are relevant to the determination of the motion.
On October 29, 1999, the court (Cohen, STRJ) entered judgment dissolving the marriage of the parties. The plaintiff, who was represented by counsel, appeared at the dissolution. The defendant did not appear, and a default judgment entered against him.
The plaintiff submitted a sworn financial affidavit to the court at the October 29, 1999 hearing. It indicated that the parties jointly owned two parcels of real property, one located at 548 Blue Hills Avenue in Hartford, Connecticut and the other located at Lot 96, Caribbean Park, St. Mary, Jamaica. CT Page 6652
The plaintiff's financial affidavit stated that the Hartford real estate had no equity. It indicated that the 548 Blue Hills Avenue property had a fair market value of $100,000.00, and was encumbered by a mortgage of $122,000.00.
The plaintiff's financial affidavit listed the fair market value of the real estate in Jamaica as being "$30,000.00." However, the document listed the mortgage on that property as $150,000.00, and one half of its equity as $75,000.00. Based on the listed mortgage and equity amounts, the court infers that the fair market value of "$30,000.00" was erroneous, and that the actual value of the property was $300,000.00[1].
Judge Cohen's judgment awarded the Blue Hills Avenue property solely to the plaintiff. The judgment also provided that:
 "The jointly owned property in Jamaica located at Lot 96, Caribbean Park, St. Mary, Jamaica to be maintained in the names of both Parties. The Wife shall be paid her one half share of the equity in said property upon the earliest of the following occurrences: (1) Sale of the property; (2) Remarriage of the Defendant Husband; and (3) Minor child reaching the age of 18 years."
On February 24, 2000, the defendant appeared in the case by counsel and filed a motion to reopen the judgment. In his motion, the defendant claimed that the plaintiff had obtained the dissolution judgment by deceit.
On March 22, 2000, the court (Devine, J.) reopened the dissolution judgment and granted various orders based upon a written agreement of the parties. Both the plaintiff and the defendant were represented by counsel at this hearing. Both parties submitted sworn financial affidavits to the court on March 22, 2000.
Judge Devine ordered that the defendant quit claim to the plaintiff all of his interest in the 548 Blue Hills Avenue property. Per the plaintiff's financial affidavit, that property had no equity.
Judge Devine also ordered that the plaintiff quit claim to the defendant all of her interest in the Lot 96, Caribbean Park real estate.
The financial affidavit which the plaintiff signed on March 22, 2000 appears to be exactly the same financial affidavit which she presented to the court at the dissolution hearing.
The plaintiff's March 22, 2000 affidavit lists the value of the Jamaica CT Page 6653 property as "$30,000.00", the mortgage as being "$150,000.00", and one half of the equity as "75,000.00."[2] Here, too, the court finds that this financial affidavit was in error, and that the plaintiff intended to list the property's fair market value as $300,000.00 Jamaican dollars.
The defendant's March 20, 2000 financial affidavit claimed that the Jamaica property had a current value of $80,000.00, an outstanding mortgage balance of $62,000.00 and equity of $18,000.00.
Although both parties averred in their March 22, 2000 financial affidavits that the Jamaica property had equity, both were also apparently aware at that time that the mortgage on the property was delinquent.
During her testimony before this court, the plaintiff claimed that the defendant told her around March 22, 2000 that the Jamaica property was in foreclosure. She testified that she was aware then that the defendant was two or three months behind on the mortgage payments for the property. The plaintiff also claimed that the information about the foreclosure prompted her to agree on March 22, 2000 that the defendant could retain the Jamaica property and that she would keep the home on Blue Hills Avenue.
Both parties were canvassed by Judge Devine on March 22, 2000 with respect to their written agreement. (Plaintiff's Exhibit 4).
In response to questions posed by the court, the plaintiff indicated that she had read the agreement, reviewed it with her counsel, had no questions about its contents, and found the agreement to be fair and equitable. (Plaintiff's Exhibit 4, p. 3).
The plaintiff subsequently claimed that the defendant had misrepresented the financial status of the Jamaica property during the March 22, 2000 hearing, and at a subsequent hearing before the court (Caruso, J.) on September 6, 2000. On September 6, 2000, Judge Caruso ordered that the defendant was to provide evidence to the plaintiff that he had turned the Jamaica property over to the mortgage lender pursuant to the foreclosure, and that the defendant no longer had any interest or equity in that real estate.
Credible evidence presented during this hearing established that the defendant was several months in arrears on the mortgage payments owed for the Jamaica property in March 2000.
Additionally, a document appended as an exhibit to a pleading which appears in the court's file under date of July 7, 2001 indicates that a foreclosure action with respect to the property had been initiated in CT Page 6654 Jamaica during 2000.
The document was a letter from the Jamaican National Building Society to the attorney handling the foreclosure. It indicated that as of July 14, 2000, the mortgage on Lot 96, Caribbean Park was approximately 3.45 payments in arrears. The letter stated that the arrearage on the property was $195,991.24 (Jamaican dollars). In the letter, the bank instructed the attorney handling the foreclosure to ". . . write to the mortgagor demanding full settlement of the outstanding amount, failing which you may proceed to public auction."
The evidence at hearing established that the bank never assumed title to the property. The defendant testified that his current landlord paid the outstanding arrearage owed on the mortgage to the Jamaican National Building Society, and took title to the property in her name. The defendant claims that he no longer has any interest or equity in the Lot 96, Caribbean Park parcel.
Conversely, the plaintiff alleges that the transaction involving the defendant's landlord was a sham, designed to conceal the defendant's interest in the property. The plaintiff filed the instant motion to reopen and set aside the judgment, alleging fraud by the defendant, on June 26, 2001.
 DISCUSSION
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end design." (Internal citations and internal quotation marks omitted). Billington v. Billington, 220 Conn. 212, 217 (1991).
In order to establish that one party has committed fraud upon another the following elements must be proven: (1) that a false representation was made as a statement of fact; (2) that the statement was untrue and known to be so by the maker; (3) that the statement was made with intent of inducing reliance thereon; and (4) that the other party relied on the statement to his or her detriment. Billington v. Billington, supra; see also Jackson v. Jackson, 2 Conn. App. 179, 193 (1994).
The plaintiff's claim of fraud is predicated upon her belief that the defendant wrongfully claimed the property was in foreclosure in an attempt to conceal his equity in the Jamaican property.
Although both the plaintiff and the defendant submitted sworn financial affidavits to the court on March 22, 2000 claiming there was equity in the Jamaican real estate, they also knew at that time that the mortgage CT Page 6655 was in arrears. Based on the evidence presented, the court finds that the Lot 96, Caribbean Park property mortgage was not current and that some type of legal action to foreclose was imminent around the time of the March 22, 2000 hearing.
This court was not provided with sufficiently probative evidence concerning either the fair market value of the Jamaica property, or its equity, during March 2000.
Based on the evidence presented, the court finds that the defendant's landlord paid the outstanding arrearage payments due on the mortgage for the Jamaica property, and took title to that real estate in her name. Although the plaintiff alleges that the transition was a sham, she did not prove by a preponderance of the evidence during this proceeding that the transfer was fraudulent, or that the defendant has any concealed interest or equity in the Jamaican property.
The court notes that the plaintiff had sufficient opportunity and ability to independently verify the financial status of the Jamaica real estate prior to the March 22, 2000 hearing.
Furthermore, the court notes that the plaintiff was represented by counsel at the March 22nd hearing. She was appropriately canvassed by the court during that proceeding concerning her knowledge of the proposed orders and the voluntary nature of her agreement.
Based on all of the evidence presented, the court finds that the plaintiff has failed to prove by a preponderance of that evidence that the defendant perpetrated a fraud.
Accordingly, her motion to reopen and set aside the judgment entered by the court on March 22, 2000 is hereby DENIED.
SO ORDERED.
BY THE COURT
Dyer, J.